———o———

No. 4516.

(Court of Appeal, Parish of Orleans.)

CARPET CO., LTD., VS. MRS. B. S. STORY.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "E."

Albert Voorhies, for Plaintiff and Appellant.

Clegg & Quintero, for Defendant and Appellee.

DUFOUR, J. Plaintiff sues defendant for various disbursements for packing and removing defendant's goods to its establishment and also for rent of a room therein in which such goods were placed.

Defendant does not deny liability for the claim but avers "that the plaintiff undertook to pack and store for her certain goods, such as carpets, rugs and household furnishing goods, and that the plaintiff did this work so negligently, and so negligently cared for and stored the property, that when it was returned to the defendant, it was almost useless; that the rugs were moth-eaten and rat-eaten, that the other goods were stained by wine or dirt of various kinds."

She then reconvenes and claims damages for the injury.

Jarvis, the president of the plaintiff company, says that he made the arrangements with defendant who came down to his place and selected and rented a room; he admits that he checked the articles to see if they were correct. Mrs. Story testifies that she never saw the room and that she placed the goods in storage; all the arrangements about the matter were made with Jarvis at her residence.

The bill of items annexed to the petition shows that the packing and moving were paid for and supervised by the plaintiff.

Under the circumstances, we do not find it difficult to reach the conclusion arrived at by the district Judge that the plaintiff is responsible for such damage as occurred to the goods.

That they were in good condition when delivered to plaintiff and in bad condition when returned by him is clearly established; the extent of the injury is sufficiently shown by the testimony of the defendant and of an expert. It is immaterial whether the contract was one of storage or of rent; if the former, plaintiff is liable for his negligence, if the latter he is also bound, because it is evident from the nature of the damage that he did not "maintain the thing in a condition such as to

—7—

serve for the use for which it was hired." R. C. C. 2692. Judgment affirmed.

October 26, 1908.

Rehearing refused November 9, 1908.